## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAMILLE F. ZINDA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01351(ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD R. JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

Defendants, Richard Johnson and 4 or 5 John Does, respectfully request that the Court substitute the United States as the proper party defendant pursuant to 26 U.S.C. §§ 7422(f) and 7433(a). As the plaintiff is suing the defendants in their official capacity, the suit is essentially against the United States.

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the defendants respectfully request that the Court dismiss this action. As grounds for this motion, the defendants assert that this Court lacks subject-matter jurisdiction over plaintiff's refund claim, plaintiff's unauthorized collection claim, and plaintiff's constitutional claims, venue in this Court is improper, the Anti-Injunction Act bars the injunctive relief plaintiff seeks, and the Declaratory Judgment Act bars the declaratory relief plaintiff seeks. Moreover, plaintiff makes numerous tax-protestor type arguments which are patently frivolous and should be summarily dismissed.

Specifically, plaintiff failed to allege that she paid the federal taxes due and filed a claim for refund. Both are required before the United States' sovereign immunity is

waived.  26 U.S.C. § 7422; <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960).  Since plaintiff

has not so alleged, this Court lacks subject-matter jurisdiction over her refund claim.

Plaintiff has also failed to demonstrate that she filed an administrative claim for

damages, which is required before the United States' sovereign immunity is waived.

<u>See</u> 26 U.S.C. § 7433(a); <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004).

Further, plaintiff has failed to state a claim for damages.  Plaintiff has not alleged

sufficient facts to demonstrate that she is entitled to any relief.  Since plaintiff has not so

alleged, this Court lacks subject-matter jurisdiction.  Moreover, plaintiff is a resident of

Minnesota (Compl. ¶ 1) and requests the refund of federal taxes.  (Compl., prayer ¶ a).

Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the

plaintiff resides.  Inasmuch as plaintiff is a resident of Minnesota, venue in this Court is

lacking.

Plaintiff seeks to enjoin the Internal Revenue Service from engaging in any

further collection activity.  (Compl., prayer ¶ c).  Under 26 U.S.C. § 7421(a), no suit may

be maintained restraining the assessment and collection taxes.  Thus, this Court may not

grant injunctive relief.  Plaintiff also seeks declaratory relief, but plaintiff can not obtain

declaratory relief with respect to federal taxes.  <u>See</u> 28 U.S.C. §2201.  Finally, plaintiff's

tax-protestor style arguments – that she is not subject to federal taxes because she is not

a federal state citizen – should be summarily rejected.  (Compl. ¶ 12).  <u>See</u> <u>United States</u>

<u>v. Ward</u>, 833 F.2d 1538, 1539 (11th Cir. 1987).

A supporting memorandum of law and proposed order are filed with this

motion.

DATED: October 18, 2006.                    Respectfully submitted,

                                            /s/ Beatriz T. Saiz
                                            BEATRIZ T. SAIZ
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6585/514-6866
                                            Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE F. ZINDA, | ) |
| | ) |
| Plaintiff, | ) No. 1:06-cv-01351(ESH) |
| | ) |
| v. | ) |
| | ) |
| RICHARD R. JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

In this case, plaintiff seeks a refund of Federal taxes, relief for purported violations of plaintiff's constitutional rights, an injunction against the Internal Revenue Service, and declaratory relief. For the reasons set forth below, the Court cannot grant the requested relief. Further, the Court lacks jurisdiction over plaintiff's damage claim because plaintiff has failed to exhaust administrative remedies. Moreover, plaintiff has failed to state a damages claim in her complaint and the damages claim should be dismissed.

### This Court Should Substitute the United States as the Proper Party Defendant

The defendants are not proper parties to this action. In this wrongful collection suit, plaintiff is suing the defendants in their official capacity. Thus, the United States should be substituted as the proper party defendant pursuant to 26 U.S.C. §§ 7422(f), 7433(a).

Further, the proper defendant in a wrongful collection action is the United States

and not the employees of the Internal Revenue Service.  <u>See</u> 26 U.S.C. § 7433(a).  <u>See also</u>

<u>Hassell v. United States</u>, 203 F.R.D. 241, 244 (N.D. Tex. 1999) (explaining that the United

States is the only proper defendant).  Thus, the Court should substitute the United

States as the proper party defendant and dismiss the Internal Revenue Service

employees.

<u>This Court Lacks Subject-Matter Jurisdiction over Refund Claim</u>

This Court does not have jurisdiction over plaintiff's claim for a tax refund.

Plaintiff does not allege that she has either filed a claim for refund or fully paid the

federal taxes.  Both are necessary to waive the United States' sovereign immunity.  <u>See</u>

<u>United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before

filing a suit for a tax refund); 26 U.S.C. § 7422 (same); <u>Flora v. United States</u>, 362 U.S.

145, 177 (1960) (payment in full is required before filing a suit for a tax refund);

<u>Vanskiver v. Rossotti</u>, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden

to show that sovereign immunity has been waived.  <u>See</u>, <u>e.g.</u>, <u>Paradyne Corp. v. U.S.</u>

<u>Dept. of Justice</u>, 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing <u>United States v. Sherwood</u>,

312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be

maintained in any court for the recovery of an internal revenue tax alleged to have been

erroneously or illegally assessed or collected . . . until a claim for refund or credit has

been duly filed . . . ."  26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he

filed a timely claim for refund, this Court lacks jurisdiction.  <u>Dalm</u>, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that she fully paid her tax liabilities.  On the

-2-

contrary, she seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due.  (Compl. prayer ¶ c.)  This request, in itself, implies that plaintiff has not fully paid the taxes she seeks to recover — an implication fatal to a suit for refund.  See Flora, 362 U.S. at 177.

Because plaintiff has not alleged that she filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over her claim for a refund.

Venue Is Improper

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides.  Inasmuch as plaintiff is a resident of Minnesota (Compl. ¶ 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The interests of justice do not require transferring this case, and in fact weigh against it.  Plaintiff's complaint alleges no facts to warrant transfer.  As explained above, plaintiff's failure to allege that she filed a proper claim for refund or fully paid the taxes due deprives any federal court of subject-matter jurisdiction.  See Dalm, 494 U.S. at 601-02; Flora, 362 U.S. at 177.  Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Minnesota, the Court should dismiss this case.  See Fed. R. Civ. P. 12(b)(3).

<u>This Court Lacks Subject-Matter Jurisdiction over Damages Claim</u>

Plaintiff purports to state a claim for damages against the United States (Compl. prayer ¶¶ a, b). This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust her administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. <u>See</u> 26 C.F.R. § 301.7433-1(e). The

-4-

regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Glass v. United States, 424 F. Supp.2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).1/

---

1/  The United States is aware that the court in Turner v. United States, 429 F. Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations. Because plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.

<u>Plaintiff Has Failed to State a Damages Claim</u>

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff purports to state a claim for damages. Plaintiff's complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.

---

U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, <u>Arbaugh</u> did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. <u>Arbaugh</u> did not overrule <u>Nakshian</u>, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow <u>Glass</u>, <u>McGuirl</u>, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the <u>Turner</u> decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiff's complaint to support a claim for damages, and thus, this Court should conclude that she has not in fact stated such a claim.  For example, plaintiff does not describe the injuries she allegedly incurred.  In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]."  26 U.S.C. § 7433.  Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Constitutional Claims</u>

It is well-settled, that the United States is immune from suit, unless its sovereign immunity has been waived. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Shaw</u>, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30 (1992); <u>United States v. King</u>, 395 U.S. 1, 4 (1969); <u>United States v. Sherwood</u>, 312 U.S. 584, 596 (1947).  The burden is on the party bringing suit to demonstrate that the United States has consented to suit.  <u>Hill v. United States</u>, 571 F.2d 1098, 1102-03 (9th Cir. 1978); <u>Keesee v. Orr</u>, 816 F.2d 545, 547 (10th Cir. 1987).

-7-

In strictly construing the waiver in favor of the sovereign, damages for
constitutional violations against the United States can not be permitted.  See <u>Gonsalves
v. Internal Revenue Service</u>, 782 F. Supp. 164, 168 (D. Me.) ("Here [under Section 7433],
the United States has not waived its immunity from suit for damages arising from
constitutional violations."), <u>aff'd</u>, 975 F.2d 13 (1st Cir. 1992).  Plaintiff has not referred to
any statute which specifically provides for a suit against the United States under the
circumstances presented herein.  Sovereign immunity is waived only by statutes
specifically providing for maintenance of suits against the United States.  See <u>Holloman
v. Watt</u>, 708 F.2d 1399 (9th Cir. 1983); <u>Eastern Associated Coal Corp. v.  Director, Office
of Workers' Compensation Programs</u>, 791 F.2d 1129, 1131 (4th Cir. 1986) (quoting
<u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980)); <u>Essex v. Vinal</u>, 499 F.2d 226, 231 (8th
Cir. 1974); <u>Geurkink Farms, Inc. v. United States</u>, 452 F.2d 643, 644 (7th Cir. 1971).  As
provided above, the burden is on the plaintiff to prove that her claim is in compliance
with the terms of a statute in which the United States has waived sovereign immunity.
<u>Sherwood</u>, 312 U.S. at 586.  Thus, this Court should dismiss plaintiff's constitutional
claims, because they are barred by the doctrine of sovereign immunity.

<u>Plaintiff's Requests for Injunctive Relief and Declaratory Relief Are Barred by
Declaratory Judgment Act and the Anti-injunction Act</u>

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in
any further collection activities.  (Compl. prayer ¶ c).  Such injunctive relief is barred by
the Anti-Injunction Act (26 U.S.C. § 7421)  Plaintiff's complaint also requests for

-8-

declaratory relief.  Specifically, she requests that the Court find that she is not a

taxpayer. (Compl. prayer ¶ d).  Such declaratory relief is barred by the Declaratory

Judgment Act (28 U.S.C. § 2201).

Since "the Anti-Injunction Act and the Declaratory Judgment Act operate

coterminously, the . . .  analysis of the impact of the Anti-Injunction Act . . .  also

determines the effect of the Declaratory Judgment Act."  National Taxpayers Union v.

United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995).  Thus, the United States relies on its

analysis of the Anti-injunction Act to support its argument that both plaintiff's requests

for injunctive relief and declaratory relief are barred.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a

suit for the "purpose of restraining the assessment or collection of any tax," as is the

patent purpose of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this

Court from exercising jurisdiction over any action, such as this one, which seeks to

enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809

F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v.

United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to

§ 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing

& Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-

Injunction Act would not apply (1) if, when the facts and law are examined in the light

most favorable to the government, under no circumstances could the government

prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  In fact, plaintiff solely relies on frivolous tax-protestor arguments which should be summarily rejected by the court.

Further, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief she requests— by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, she can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief and declaratory relief.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction or declaratory relief.  Thus, the Court should dismiss this case.

CONCLUSION

In sum, for the following reasons the Court should dismiss this action. This Court does not have subject-matter jurisdiction over plaintiff's refund claim, unauthorized collection claim, and constitutional claims. Venue is lacking in this Court as plaintiff resides in Minnesota. The Anti-Injunction Act prohibits an injunction against the collection of plaintiff's taxes. Further, plaintiff can not obtain declaratory relief with respect to federal taxes. Finally, Plaintiff has failed to state a claim for damages.

DATED: October 18, 2006

                                        Respectfully submitted,

                                        /s/ Beatriz T. Saiz
                                        BEATRIZ T. SAIZ
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, DC 20044
                                        Phone/Fax: (202) 307-6585/514-6866
                                        Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney