UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAMILLE F. ZINDA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-01351 (ESH) |
| RICHARD R. JOHNSON, United States Department of Agriculture, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff Camille F. Zinda brings suit against Richard R. Johnson, acting as an employee of the U.S. Department of Agriculture "through the implied authority of the Internal Revenue Service," and "4 or 5 John Does." Plaintiff's primary contention is that, because she is not a "taxpayer," defendants violated the Fifth Amendment by sending her letters "inviting her to volunteer payment of Federal taxes" and, after she failed to pay, filing a "Notice of Levy" and garnishing her wages. Plaintiff seeks compensatory and punitive damages, an order enjoining the Internal Revenue Service (IRS) from further collection activities, a declaratory judgment that she is not a taxpayer, and reasonable costs and attorney's fees. Defendants move to substitute the United States as the proper party defendant, and for dismissal of plaintiff's action pursuant to Federal Rule of Civil Procedure 12 ("Rule 12") for, *inter alia*, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1] For the reasons stated herein,

---

[1] Defendants also move the Court to dismiss this case for lack of personal jurisdiction, improper venue, and improper service of process. Because the Court lacks subject matter jurisdiction and plaintiff has failed to state a claim, it is unnecessary to consider these grounds for dismissal.

defendant's motion will be granted.

## BACKGROUND

Plaintiff is a resident of Woodbury, Minnesota. According to her complaint, she "received a series of letters, ostensibly from the Internal Revenue Service, over a period of years, inviting her to volunteer payment of Federal taxes." (Cmpl. ¶ 11.) Plaintiff appears to concede that she never paid the taxes demanded. (*See, e.g.*, *id.* ¶¶ 11, 12, 14 (alleging that paying income tax is voluntary and that plaintiff is not a taxpayer); *see also id.* Ex. 1 at 1 ("Although we [the IRS] have told you to pay the amount you owe, it is still not paid.").) In July 2005, the IRS issued a Notice of Levy stating that plaintiff owed $14,837.39. (*Id.*) The Notice of Levy was signed by defendant Robert Johnson, "Operations Manager, Collection." (*Id.*) Pursuant to the Notice of Levy, plaintiff's wages were garnished. (*Id.* ¶ 13.)

Plaintiff brought suit in this Court on July 28, 2006. Defendants filed their motion to dismiss on October 18, 2006. Pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court advised plaintiff of the consequences of failing to respond to defendants' motion and ordered a response by November 19, 2006. On a subsequent motion from plaintiff, the Court extended the response deadline through November 27, 2006. Nonetheless, plaintiff has failed to respond.[2]

## ANALYSIS

I.  **The United States Is the Proper Party Defendant**

The caption to plaintiff's complaint states that defendant Johnson is being sued "in his

---

[2]Although Local Rule 7(b) authorizes the Court to dismiss this action based solely on plaintiff's failure to respond, dismissal pursuant to that rule is unnecessary because dismissal is warranted for lack of subject matter jurisdiction and failure to state a claim.

individual capacity while acting as an employee of the U.S. Agriculture Department." Given the ambiguous caption, it might seem at first blush that plaintiff sues Johnson in his individual capacity. But the remainder of plaintiff's complaint makes clear that she is suing defendants in their official capacities. (*See, e.g.*, Cmpl. ¶ 1 ("Each defendant party is brought in his/its capacity in relation to THE DEPARTMENT OF AGRICULTURE and the UNITED STATES."); Cmpl. ¶ 4 ("This suit is brought against [Johnson] and the as yet unnamed John Does in their capacity of Federal employee or agent thereof . . . .").) For this reason and because 26 U.S.C. §§ 7422(f) and 7433(a) provide that, with an exception inapplicable here, suits for tax refunds or for damages should be brought against the United States, the Court will grant defendants' motion to substitute the United States as the proper party defendant.

II.  **This Court Lacks Subject Matter Jurisdiction over All But One of Plaintiff's Claims**

    A.  **Standard of Review**

When, as here, the government attacks the existence of subject matter jurisdiction on the face of a complaint, "the Court considers the factual allegations of the complaint in the light most favorable to the non-moving party." *Loughlin v. United States*, 230 F. Supp. 2d 26, 35–36 (D.D.C. 2002).

    B.  **Plaintiff's Claims**

Plaintiff's complaint expressly advances only two legal arguments: (1) that the government's efforts at tax collection violated the Takings Clause and the Due Process Clause of the Fifth Amendment, thus entitling her to damages and injunctive relief; and (2) that she is not a "taxpayer" and that the Court should issue a declaratory judgment to that effect. According to the government, plaintiff may also be understood to seek a tax refund pursuant to 26 U.S.C.

§ 7422 and damages for unlawful collection activity pursuant to 26 U.S.C. § 7433.  Because the pleadings of *pro se* plaintiffs must be construed liberally, *e.g.*, *Lindsey v. United States*, 448 F. Supp. 2d 37, 44–45 (D.D.C. 2006), the Court will also address these additional, statutory theories.

        **1.**        **Constitutional Claims**

It is axiomatic that "[t]he doctrine of sovereign immunity bars those suits against the United States that are not specifically waived by statute." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006); *accord United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Plaintiff has cited no statute, and the Court knows of none, that waives sovereign immunity on the facts of this case.  Indeed, it is well settled "that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution." *Jackson*, 448 F. Supp. 2d at 201; *see Clark v. Library of Cong.*, 750 F.2d 89, 102–03 (D.C. Cir. 1984).  Moreover, to the extent that plaintiff seeks injunctive relief against the government's allegedly unconstitutional tax collection efforts, Congress has expressly barred her suit.  *See* 26 U.S.C. § 7421(a) (2006) ("Except as provided in [various statutory provisions inapplicable here], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."); *Lindsey*, 448 F. Supp. 2d at 50 ("The language of § 7421(a) could not be clearer, as it unquestionably bars a suit from being brought in federal court where the suit seeks to enjoin the government from assessing or collecting federal taxes.").  Accordingly, the Court lacks subject matter jurisdiction over plaintiff's constitutional claims and these claims will be dismissed pursuant to Rule 12(b)(1).

### 2. Claim for Declaratory Judgment

Similarly, the Court lacks subject matter jurisdiction over plaintiff's claim for declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (2006), provides that, "[i]n a case of actual controversy within its jurisdiction," a federal court may "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, the Act expressly bars suits for declaratory judgment in cases "with respect to Federal taxes."[3] *Id.* Because plaintiff is raising a claim "with respect to Federal taxes," the Court lacks subject matter jurisdiction and the claim must be dismissed pursuant to Rule 12(b)(1). *See Lindsey*, 448 F. Supp. 2d at 49 (treating the government's objection to a *pro se* tax protester's claim for declaratory relief as a jurisdictional challenge and dismissing the claim pursuant to Rule 12(b)(1)).

### 3. Refund Claim

To the extent that plaintiff seeks a tax refund, the Court again lacks subject matter jurisdiction. The Internal Revenue Code provides:

> *No suit or proceeding shall be maintained* in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed* with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (2006) (emphasis added). This language constitutes a "sweeping and direct" indication that, for refund claims, "there is no federal jurisdiction prior to exhaustion." *See Lindsey*, 448 F. Supp. 2d at 50–51 (quoting *Avocados Plus v. Veneman*, 370 F.3d 1243, 1248

---

[3] The exception for "actions brought under section 7428 of the Internal Revenue Code of 1986" is inapplicable here. 28 U.S.C. § 2201(a) (2006).

(D.C. Cir. 2004)). Here, plaintiff has not alleged that she sought a refund from the Secretary of the Treasury prior to filing suit in this Court. Indeed, as already mentioned, she has not alleged to have paid her taxes to begin with. Accordingly, plaintiff's claim for a tax refund under 26 U.S.C. § 7422(a) will be dismissed pursuant to Rule 12(b)(1). *See Lindsey*, 448 F. Supp. 2d at 50–51.

### 4. Unlawful Collection Claim

Plaintiff's claim for compensatory damages under 26 U.S.C. § 7433 is the only claim over which this Court has subject matter jurisdiction.[4] The government argues that the Court lacks subject matter jurisdiction over this claim because plaintiff has not alleged that she exhausted her administrative remedies as required by 26 U.S.C. § 7433(d)(1). However, for the reasons thoroughly explained by Judge Walton in *Lindsey*, the exhaustion requirement of 26 U.S.C. § 7433 is not "jurisdictional." *See* 448 F. Supp. at 54. The Court is not persuaded to depart from *Lindsey* by the government's argument that the exhaustion requirement should be considered jurisdictional because 26 U.S.C. § 7433 is a waiver of sovereign immunity that must be strictly construed, or by any authority the government cites in support of that argument.[5] *Cf.*

---

[4]To the extent that plaintiff seeks punitive damages under 26 U.S.C. § 7433 (*see* Cmpl. ¶ 18), this Court lacks subject matter jurisdiction over that claim. *See Speelman v. United States*, --- F. Supp. 2d --- , --- (D.D.C. 2006) ("26 U.S.C. § 7433 does not, however provide a remedy of punitive damages, but only compensatory damages up to a specified amount. Without a waiver of sovereign immunity, the Court lacks subject matter jurisdiction to hear that claim against the federal government.").

[5]More specifically, the government contends that *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006) - - which held that limitations on a statute's scope are nonjurisdictional unless Congress unequivocally makes them jurisdictional - - does not apply in suits against the government because statutes waiving sovereign immunity must be strictly construed. The government cites no authority distinguishing *Arbaugh* on this ground. Moreover, the government fails to distinguish or even acknowledge *Irwin v. Dept. of Veterans Affairs*, 498 U.S.

*Lykens v. Gov't*, No. 06-1226, 2006 WL 3408188, at *4–5 (D.D.C. Nov. 27, 2006) (rejecting the government's request "that the Court reconsider [the holding of *Turner v. United States*, 429 F. Supp. 2d 149, 153–55 (D.D.C. 2006), that the exhaustion requirement of 26 U.S.C. § 7433 is nonjurisdictional] on the ground that the Court failed to consider the principle that the United States, as sovereign, is immune from suit save as it consents to be sued, and that one of the terms of its consent to suit under section 7433 is exhaustion of administrative remedies"). Accordingly, consistent with several previous cases, the Court will consider whether plaintiff's claim for damages under 26 U.S.C. § 7433 should be dismissed pursuant to Rule 12(b)(6). *See, e.g.*, *Speelman v. United States*, --- F. Supp. 2d --- , --- (D.D.C. 2006) ("For the reasons more thoroughly explained by Judge Walton in *Lindsey* . . . , the Court concludes that in an action for *damages* under 26 U.S.C. § 7433, failure to exhaust administrative remedies is properly raised through a motion to dismiss for failure to state a claim . . . , not for lack of subject matter jurisdiction . . . ."); *Kramer v. United States*, --- F. Supp. 2d ---, --- (D.D.C. 2006) (same).

### III.    Plaintiff Has Failed to State a Claim for Damages under 26 U.S.C. § 7433

In adjudicating a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff and give the plaintiff the benefit of all inferences that can be derived from the facts alleged therein. *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). As stated already, plaintiff has not alleged that she exhausted her administrative remedies as required under 26 U.S.C. § 7433(d)(1). Accordingly, the Court will dismiss plaintiff's statutory claim for damages

---

89 (1990), in which the Supreme Court recognized that Title VII's waiver of sovereign immunity must be strictly construed, but nonetheless held that Title VII's limitations period for filing a complaint in federal court was not jurisdictional. *See id.* at 457.

pursuant to Rule 12(b)(6). *See, e.g.*, *Lindsey*, 448 F. Supp. 2d at 61 (explaining that, because the plaintiffs had not contested their failure to satisfy 26 U.S.C. § 7433(d)(1)'s exhaustion requirement, the Court would grant the defendant's motion to dismiss pursuant to Rule 12(b)(6)).[6]

## CONCLUSION

For the foregoing reasons, the Court will dismiss all but one of plaintiff's claims pursuant to Rule 12(b)(1). Plaintiff's claim for damages under 26 U.S.C. § 7433(d)(1) will be dismissed pursuant to Rule 12(b)(6).

s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: November 30, 2006

---

[6]Even if plaintiff did purport to have exhausted her administrative remedies, which she does not, the Court would dismiss her damages claim pursuant to Rule 12(b)(6) because plaintiff alleges no facts from which a trier of fact could conclude that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence[,] disregard[ed] any provision" of the Internal Revenue Code or related regulations. 26 U.S.C. § 7433. Plaintiff merely alleges that, although she does not consider herself a taxpayer, she received letters "inviting" her to pay taxes and that, when she failed to pay, she received a Notice of Levy and had her wages garnished. (*See* Cmpl. ¶¶ 10–15.)